## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR BUENO JR., #NT2066, | : | |
| **Plaintiff** | : | CIVIL ACTION NO. 3:23-231 |
| **v.** | : | (MANNION, J.) |
| TPR. RUSS  ROTHERMEL,<br>*et al.,* | : | |
| | : | |
| **Defendants** | : | |
| | : | |

## O R D E R

Pending before the court is the report of Magistrate Judge Joseph F. Saporito, Jr., which recommends that the plaintiff's complaint be dismissed without leave to amend. (Doc. 8). No objections have been filed to the report and recommendation.

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)).

Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

By way of relevant background, the plaintiff initiated the instant §1983 civil rights action against five defendants: (1) Russ Rothermel, a Pennsylvania State Trooper who arrested the plaintiff and filed a criminal complaint against him; (2) Michael O'Pake, the district Attorney who prosecuted the plaintiff; (3) the Pennsylvania State Police; (4) Schuylkill County; and (5) the Commonwealth of Pennsylvania. The plaintiff's complaint alleges Fourth Amendment claims for unlawful arrest and malicious prosecution.

In considering the plaintiff's complaint, Judge Saporito determined that neither the Commonwealth of Pennsylvania nor the Pennsylvania State Police are "persons" amenable to suit under §1983 and, in any event, any claims against these entities would be barred by Eleventh Amendment immunity. As to these defendants, Judge Saporito recommends that the plaintiff's complaint be dismissed for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted. As to defendant O'Pake, Judge Saporito found that he is entitled to

prosecutorial immunity and the plaintiff's complaint should be dismissed as to him. Judge Saporito recommends that the plaintiff's claim against Schuylkill County be dismissed for failure to state a claim upon which relief can be granted because, while municipalities and local governmental units can be included among "persons" amenable to suit under §1983, under *Monell*,[1] the County cannot be held liable for the actions of its district attorney undertaken in his role as a prosecutor, which is what the plaintiff is attempting to do. Finally, as to defendant Rothermel, Judge Saporito found that the plaintiff's unlawful arrest and malicious prosecution claims are barred by the favorable termination rule set forth in *Heck v. Humphrey*, 412 U.S. 477 (1994), and should be dismissed. Because any attempt at amendment would be futile, Judge Saporito recommends that the plaintiff's complaint be dismissed with prejudice. The plaintiff has failed to file any objections to Judge Saporito's report.[2]

---

[1] *Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658 (1978).

[2] The court notes that, although the plaintiff's mail was initially returned as "undeliverable" (Doc. 9, Doc. 10), his inmate number was added upon return and it was resent to the plaintiff's facility. The mail was not again returned. Presumably, the plaintiff received the report, as he did in his other civil action pending before the court, Civil Action No. 3:23-311, mailed to the same address.

Upon review of the report and recommendation, the court finds no clear error of record. Moreover, the court agrees with the sound reasoning which led Judge Saporito to his conclusions. As such, the court will adopt the report and recommendation in its entirety as the decision of the court.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** The report and recommendation of Judge Saporito **(Doc. 8)** is **ADOPTED IN ITS ENTIRETY** as the decision of the court.

**(2)** The plaintiff's complaint **(Doc. 1)** is **DISMISSED WITH PREJUDICE.**

**(3)** The Clerk of Court is directed to **CLOSE THIS CASE**.


*s/ Malachy E. Mannion*

**MALACHY E. MANNION**
**United States District Judge**

**DATE: February 12, 2024**
23-231-01

- 4 -